UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACOB  BROWN, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-0412 |
| | § | |
| FIVE GUYS OPERATIONS, L.L.C., | § | |
| | § | |
| Defendant. | § | |

<u>**MEMORANDUM AND ORDER**</u>

**I.**

Before the Court is the defendant's, Five Guys Operations, LLC, motion for summary judgment [DE 18] and the plaintiff's, Jose Cora[1], response [DE 21].  During the course of the proceeding, the defendant filed a reply [DE 22] and objections and responses to the evidence presented by the plaintiffs as part of his evidentiary proffer [Des 23, 24 and 25].  After a review of documents on file, the Court determines that the motion is meritorious and should be granted.

**II.**

The plaintiff was first employed by the defendant on February 6, 2013, as an Assistant Manager for one of the defendant's restaurants.  Shortly thereafter on October 6, 2014, the plaintiff was promoted to General Manager at the defendant's Fry Road location.  In December 2014, the defendant's Human Resources Department ["HR"] conducted a meeting for "shift leads and assistant managers" at its Bunker Hill location.  According to "several shift managers", District Manager, Toni Rodgers, in response to an inquiry concerning employees speaking, Spanish at the defendant's stores stated in the presence of the shift managers:  "This is America. We only speak English in America, and that's the only language we need to speak in our stores."

---

[1] Jacob Cora is the sole remaining plaintiff in this case.

The plaintiff was not present when the Rodgers' comment was made. However, an investigation was immediately begun by HR and, according to HR, before the plaintiff reported the comments. On or about January 21, 2015, the plaintiff was terminated for violation of a company policy.

## III.

The plaintiff contends that he was wrongfully terminated in violation of 42 U.S.C. § 2002e-2(m) and the Texas Labor Code § 21.125(a) because of his race and in retaliation for reporting the comments allegedly made by Rodgers to his shift leads and assistant manager. The defendant disputes the plaintiff's claims that he was terminated based on race and retaliation. Instead, the defendant asserts the plaintiff was terminated for fraternization with a female employee in violation of company policy.

## IV.

### A.    Summary Judgment Standard

 Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed. 2d 127 (1994)).

**B.    Title VII**

Title VII forbids an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). An employment discrimination case may be proven "through direct or circumstantial evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007) (citing *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)). In a case where a plaintiff produces no direct evidence of discriminatory intent, the Court must evaluate proof of circumstantial evidence using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *See Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007). Under the *McDonnell Douglas* burden-shifting framework:

> [A] plaintiff must first create a presumption of intentional discrimination by establishing a prima facie case. The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. The burden on the employer at this stage is one of production, not persuasion; it can involve no credibility assessment. If the employer sustains its burden, the prima facie case is dissolved, and the burden shifts back to the plaintiff to establish either: (1) that the employer's proffered reason is not true but is instead a pretext for discrimination; or (2) that the employer's reason, while true, is not the only reason for its conduct, and another motivating factor is the plaintiff's protected characteristic.

*Alvarado*, 492 F.3d at 611 (emphasis, citations and internal quotation marks omitted); *see also Turner*, 476 F.3d at 345 (internal citations omitted).

Thus, "a plaintiff can avoid summary judgment if the evidence, taken as a whole: (1) creates a fact issue as to whether the employer's stated reasons was not what actually motivated the employer; and, (2) creates a reasonable inference that race or religion was a determinative factor in the actions of which plaintiff complains." *Grimes v. Tex. Dep't of Mental Health and Mental Retardation*, 102 F.3d 137, 141 (5th Cir. 1996) (citing *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 450 (5th Cir. 1996).

Using the *McDonnell Douglas* framework to establish race discrimination under section 1981, a plaintiff must demonstrate that she: "(1) belongs to a protected group; (2) was qualified for her position; (3) suffered an adverse employment action; and (4) was replaced by someone outside of the protected class or, in the case of disparate treatment, that similarly situated employees were treated more favorably." *Nasti v. CIBA Specialty Chems. Corp.*, 492 F.3d 589, 593 (5th Cir. 2007) (citing *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001)).

### C.      *Title VII Retaliation*

To establish a *prima facie* case of Title VII retaliation, "a plaintiff must show that: (1) he engaged in activity protected by Title VII; (2) he was subjected to an adverse employment action; and, (3) a causal link existed between the protected activity and the adverse employment action." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004) (citing *Banks v. E. Baton Rouge Parish Sch. Bd.* 320 F.3d 570, 575 (5th Cir. 2003)). "The burden-shifting structure applicable to Title VII discrimination cases, as set forth in *[McDonnell Douglas], is*

applicable to Title VII unlawful retaliation cases." *Haynes v. Pennzoil Co.,* 207 F.3d 296, 299 (5th Cir. 2000).

## V.

To advance this discussion, the Court assumes that the plaintiff has established a *prima facie* case of race discrimination even though the plaintiff does dispute that the stated basis for his termination, that fraternization with a female employee occurred. *See* [DE 18-1, Dep. p. 36, ll. 5-14]. The plaintiff does not dispute that fraternization is against company policy that his wife reported the event, that an altercation between the plaintiff and his wife occurred at the site of the event, that an investigation was conducted by HR, and that after interviewing and receiving statements from the parties involved, the defendant found that the plaintiff had engaged in fraternization in violation of the company policy.

Despite the plaintiff's protestation that Rodgers' comments concerning speaking only English in the workplace were racial, there is no evidence that they were directed at the plaintiff, in particular. The plaintiff was not present when the remarks were made. It certainly may be argued that the manner in which Rodgers addressed the issue was "insensitive" to Hispanic employees in particular and was inappropriate. However, there is no evidence that any employee was sanctioned in a manner for speaking Spanish or speaking up about Rodgers' remarks. Finally, there is no evidence that the plaintiff's compensation, terms, conditions, or privileges of employment were impacted because of his race.

Likewise, there is no evidence that the defendant's action of terminating the plaintiff was in retaliation for reporting Rodgers' comments to HR. The evidence is undisputed that the matter had already been reported and was under advisement by HR at the time the plaintiff made

his report.  Hence, there is no causal link between the plaintiff's report of Rodgers' comments and his termination.

Even assuming that the proximity of the plaintiff's report and his termination, standing alone raises a disputed fact issue, that dispute is dispelled by the defendant's legitimate, non-discriminatory basis for terminating the plaintiff.  The plaintiff does not dispute that he was in the company of a female employee with whom he has shared drinks.  He simply disputes his wife's account while asserting that his presence was merely coincidental.  However, witness statements taken during the investigation refute the plaintiff's denial and, based on the plaintiff's lack of memory concerning the details support the defendant's decision that the plaintiff violated the defendant's fraternization policy.  Therefore, the plaintiff's claim of retaliation is unmeritorious.

**VI.**

Based on the foregoing discussion and analysis, the Court determines that the defendant's motion for summary judgment should be and it is hereby Granted.

It is so Ordered.

SIGNED on this 19th day of March, 2018.

_____
Kenneth M. Hoyt
United States District Judge